Case 1:11-cv-03714-CAP   Document 1   Filed 10/27/11   Page 1 of 10

ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

OCT 27 2011

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JACK DARRINGTON | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| v. | ) FILE NO. _____ |
| | ) |
| DELANOR, KEMPER ASSOCIATES, LLC | ) 1:11-CV-3714 |
| Defendant. | ) |

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, Jack Darrington ("Plaintiff"), is a natural person who at all relevant times resided in the State of Georgia, County of Dekalb, and City of Atlanta.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Delanor, Kemper & Associates, LLC ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another

11. In connection with collection of an alleged debt in default, Defendant placed a telephone call to Plaintiff's son's cellular telephone on or about May 19, 2011 and spoke with Plaintiff.

12. During said telephone conversation, Defendant stated it was attempting to collect a debt Defendant received from Group Genesis Associates.

13. During said telephone conversation, Defendant claimed to be a "Law Enforcement Collection Agency."

14. Upon hearing Defendant's statement, Plaintiff believed that he was being investigated in relation to a crime and was frightened that it would jeopardize Plaintiff's security clearance.

15. Plaintiff informed Defendant that the alleged debt was paid in full to Group Genesis Associates via money order sent on January 6, 2011.

16. In response, Defendant stated that it had no record of payment and would continue calling and attempting to collect the alleged debt until Defendant received payment from Plaintiff.

17. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

18. Plaintiff repeats and re-alleges each and every allegation contained above.

19. Defendant, by its conduct as detailed above, violated 15 U.S.C. § 1692e(1) by falsely representing to Plaintiff that it was vouched for, bonded by, and/or affiliated with the United States or a State.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

20. Plaintiff repeats and re-alleges each and every allegation contained above.

21. Defendant, by its conduct as detailed above, violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount and/or legal status of Plaintiff's debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

22. Plaintiff repeats and re-alleges each and every allegation contained above.

23. Defendant, by its conduct as detailed above, violated 15 U.S.C. § 1692e(7) by falsely representing and/or implying that Plaintiff had committed a crime and/or other such conduct in order to disgrace Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV

24. Plaintiff repeats and re-alleges each and every allegation contained

above.

25. Defendant, by its conduct as detailed above, violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with the collection of an alleged debt from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V

26. Plaintiff repeats and re-alleges each and every allegation contained above.

27. Defendant, by its conduct as detailed above, violated 15 U.S.C. §

1692f by using unfair or unconscionable means against Plaintiff in connection with an attempt to collect an alleged debt from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

28.     Plaintiff is entitled to and hereby demands a trial by jury.

This ⎣⎤ day of October, 2011.

                               ATTORNEYS FOR PLAINTIFF
                               JACK DARRINGTON

                               Respectfully submitted,

                               _____
                               Craig J. Ehrlich
                               Georgia Bar No. 242240
                               WEISBERG & MEYERS, LLC
                               5025 N. Central Ave. #602
                               Phoenix, AZ 85012
                               (888) 595-9111 ext. 250
                               (866) 842-3303 (fax)
                               cehrlich@attorneysforconsumers.com

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Time New Roman and a point size of 14.

                                                      Respectfully submitted,

                                                      Craig J. Ehrlich
                                                    Georgia Bar No. 242240
                                                    WEISBERG & MEYERS, LLC
                                                    5025 N. Central Ave. #602
                                                    Phoenix, AZ 85012
                                                    (888) 595-9111 ext. 250
                                                    (866) 842-3303 (fax)
                                                    cehrlich@attorneysforconsumers.com